**GANG LI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3033.**

United States Court of Appeals, Second Circuit.

April 23, 2008.

Lin Li, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation, Counsel, R. Alexander Goring, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Gang Li, a native and citizen of the People's Republic of China, seeks review of a June 25, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge ("IJ") Sarah M. Burr denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gang Li,* No. A97 958 111 (B.I.A. June 25, 2007), *aff'g* No. A97 958 111 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Li did not argue that the agency erred in denying his

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

CAT claim, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–,* 24 I. & N. Dec. 260, 265 (BIA 2007).

We conclude that the IJ's adverse credibility determination is supported by substantial evidence. First, the IJ found that Li's testimony was "hesitant and unresponsive on a number of occasions," and had a scripted quality to it, whereby he provided unpersuasive responses when questioned off "the script of his asylum application." Particular deference is given to such assessments of an applicant's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 73–74.

Second, the IJ found implausible that Li could rent a house in his own name and live alone when he was sixteen or seventeen years old. This implausibility finding was based on: (i) Li's inability to identify the owner of his rental home, despite his testimony that he paid rent to the owner; (ii) Li's omission from his asylum application of the address of his rented house despite the fact he listed all other residences; and (iii) the fact that his identification card, which was issued while he lived at the rental home, did not reflect the address of the rental home. This implausibility finding was permissible and supported the adverse credibility determination. The IJ inferred from Li's testimony, asylum application, and identification card using her "common sense and ordinary experience" that it is implausible a sixteen or seventeen year old person would rent a house in China where he did not know the landlord, did not have a lease, and did not list the rental address in his asylum application or Chinese identification card. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007); *see also Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Third, the IJ found that Li was internally inconsistent with regard to the location of his house. Indeed, Li testified that "[t]he house [where he] was staying was in the mountains. There were only a few households there. Each house were far apart and each yard about 70 to 80 meters away." In contrast, Li testified that his home "was very close" to his place of employment in the town nearby. This inconsistency is material and substantial when measured against the record as a whole because the "remote" location of Li's rented home and his allowing Falun Gong practitioners to practice there is the main basis of his alleged fear of future persecution in China. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Thus, the IJ did not err by relying on this inconsistency to support her adverse credibility determination.

Having called Li's testimony into question, the IJ also properly found that his

**62**

failure to provide corroborative evidence in the form of his household registry rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

We find that the IJ properly considered the "totality of the circumstances," including the implausibility and inconsistency in Li's testimony, his demeanor, and the lack of corroborating evidence, in finding that he failed to provide credible evidence in support of his asylum claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J–Y–C–,* 24 I. & N. Dec. 260, 266 (BIA 2007). Thus, we find that substantial evidence supports the IJ's adverse credibility determination. Because *the only evidence of a threat to Li's life or freedom depended upon his credibility,* the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal, *see Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006), as it would on his CAT claim had he preserved it.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).